Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| CARMELO CAPPAS FELICIANO<br><br>Recurrido<br><br>v.<br><br>PR WASTE MANAGEMENT PR Y OTROS<br><br>Peticionarios | TA2026CE00132 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: PO2024CV00842<br><br>Sobre: Reclamación Laboral al amparo de la Ley Núm. 80 del 30 de mayo de 1976, según enmendada; Ley 100 de 30 de junio de 2959, según enmendada |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 12 de febrero de 2026.

Comparece PR Waste Management Group, LLC (en adelante, PR Waste Management o parte peticionaria) mediante un recurso de *certiorari*, para solicitarnos la revisión de la *Resolución*, emitida y notificada el 26 de enero de 2026, por el Tribunal de Primera Instancia, Sala Superior de Ponce.[1] Mediante la *Resolución* recurrida, el tribunal de instancia declaró *No Ha Lugar* una *Moción de Sentencia Sumaria* presentada por PR Waste Management.

Por los fundamentos que expondremos, se *deniega* la expedición del auto de *Certiorari*.

I

El caso de título inició, el 28 de marzo de 2024, cuando Carmelo Cappas Feliciano (en adelante, señor Cappas Feliciano o

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC TPI), a la Entrada Núm. 53.

parte recurrida) interpuso una *Querella*,[2] al amparo de la Ley sobre Despidos Injustificados (Ley Núm. 80)[3] y la Ley Antidiscrimen de Puerto Rico (Ley Núm. 100).[4] En su pliego, adujo, en síntesis, que fue despedido por razón de su edad, por lo que fue un acto discriminatorio, ilegal e injustificado. Dado a lo anterior, solicitó que se ordenara a la parte peticionaria al pago de las partidas reclamadas, así como a gastos, costas y honorarios de abogado a más de un 30%, en el caso de que el caso fuese ventilado en juicio. Conviene mencionar, que surge de la *Querella* que fue presentada al procedimiento sumario establecido por la Ley de Procedimiento Sumario de Reclamaciones Laborales (Ley Núm. 2).[5]

Posteriormente, el 12 de abril de 2024, compareció PR Waste Management mediante *Contestación a Querella*.[6] En relación con la contestación a la querella, aceptó algunas alegaciones, negó otras. Además, presentó ciertas defensas afirmativas. En lo pertinente, alegó que no discriminó en contra del señor Cappas Feliciano por razón de su edad ni por ninguna otra razón. Sostuvo que el despido de la parte recurrida fue por una razón legítima y no discriminatoria. Sobre el particular, explicó que el señor Cappas Feliciano fue despedido por no poder desempeñar las funciones de su puesto y por representar un riesgo para su salud y seguridad, así como la de los demás empleados. En particular, adujo que un médico ocupacional externo evaluó al señor Cappas Feliciano y certificó que este no estaba capacitado para ejercer las funciones de su puesto. En mérito de lo expuesto, solicitó la desestimación de la *Querella*.

Luego de varios incidentes innecesarios reseñar, el 31 de enero de 2025, PR Waste Management presentó una *Moción de*

---

[2] SUMAC TPI, a la Entrada Núm. 1.
[3] Ley Núm. 80 de 30 de mayo de 1976, 29 LPRA sec. 185a *et seq.*
[4] Ley Núm. 100 de 30 de junio de 1959, 29 LPRA sec. 146 *et seq.*
[5] Ley Núm. 2 de 17 de octubre de 1961, 32 LPRA sec. 3118 *et seq.*
[6] SUMAC TPI, a la Entrada Núm. 3.

*Sentencia Sumaria.*[7] Esgrimió, en esencia, los mismos argumentos presentados en su *Contestación a Querella*. Asimismo, solicitó que se declarara *Ha Lugar la Moción de sentencia sumaria* y, en consecuencia, se desestimaran con perjuicio las reclamaciones instadas en la *Querella*.

En reacción, el 17 de marzo de 2025, el señor Cappas Feliciano presentó una *Oposición a sentencia sumaria y solicitud anticipada para que no sea considerada una réplica a la presente oposición.*[8] En lo atinente, adujo que existían controversias de hechos medulares que debían ser dirimidas en un juicio plenario. Específicamente, sostuvo que la existencia de controversias relacionadas con cuestiones de desempeño y credibilidad exigían que el caso fuese resuelto en juicio. Así, pues, solicitó que se denegara la solicitud de sentencia sumaria presentada por la parte peticionaria.

Luego, el 28 de marzo de 2025, PR Waste Management interpuso una réplica.[9] Reiteró que no había necesidad de celebrar una vista adjudicativa para dilucidar la validez de las reclamaciones de la parte recurrida por alegado despido injustificado y discrimen por edad. A tenor, solicitó que se declarara *Ha Lugar* la *Moción de sentencia sumaria* y, en consecuencia, se desestimara con perjuicio las reclamaciones instadas por la parte recurrida.

---

[7] SUMAC TPI, a la Entrada Núm. 29. La parte peticionaria acompañó su petitorio sumario con los documentos siguientes: Anejo 1: Contrato de Empleo Temporero; Anejo 2: Deposición de Carmelo Cappas Feliciano; Anejo 3: Contrato de Empleo; Anejo 4: Manual de Empleados; Anejo 5: Protocolo para el Manejo de Negligencias en el Uso de Equipos de la Compañía; Anejo 6: Memorando a Técnicos de Mantenimiento; Anejo 7: Amonestación Verbal al señor Cappas Feliciano; Anejo 8: Amonestación Escrita al señor Cappas Feliciano; Anejo 9: Exhortación Precaución al Conducir al señor Cappas Feliciano; Anejo 10: Declaración Jurada de José Carlos León Rodríguez; Anejo 11: Declaración Jurada de Kermit Cintrón Rivera; Anejo 12: Declaración Jurada de Carlos J. Rosa Jiménez; Anejo 13: Declaración Jurada de Rubén J. Santiago Lugo; Anejo 14: Informe de Caparra Occupational Medical Services; Anejo 15: Caparra Occupational Medical Services - Record del señor Cappas Feliciano.

[8] SUMAC TPI, a la Entrada Núm. 37. La parte recurrida acompañó su petitorio sumario con los documentos siguientes: Anejo 1: Declaración Jurada del señor Cappas Feliciano; Anejo 2: Declaración Jurada de Daniel Echevarría Figueroa.

[9] SUMAC TPI, a la Entrada Núm. 43.

Finalmente, el 23 de enero de 2026, notificada el 26 del mismo mes y año, el foro *a quo* emitió *Resolución* mediante la cual declaró *No Ha Lugar* la solicitud de sentencia sumaria presentada por la parte peticionaria. Como parte de su dictamen, el tribunal de instancia consignó veinticinco (25) determinaciones de hechos como incontrovertidas, las cuales incorporamos por referencia a este escrito.[10] Por otra parte, estableció que había controversia sobre lo siguiente:

1. Si el Sr. Cappas ejecutaba y cumplía con todas las funciones de su puesto.
2. Si el Sr. Cappas estaba incapacitado físicamente para realizar las funciones de su puesto.
3. Si el Sr. Maldonado hac[í]a las tareas que le correspondían al Querellante o si, por el contrario, dichas tareas eran compartidas entre ambos.
4. Si el Sr. Cappas representaba un riesgo para su seguridad y la de terceros.
5. Si PR Waste brindó al Querellante la oportunidad de refutar la evaluación médica o conclusiones del médico ocupacional.
6. Si se le requirió al Querellante presentar alguna certificación médica antes de su despido.[11]

En la *Resolución*, el tribunal *a quo* concluyó que existen varias controversias sustanciales, particularmente, en cuanto a si el señor Cappas Feliciano cumplía o no con todas las tareas o funciones de su puesto, así como si este estaba o no incapacitado físicamente para realizarlas. Específicamente, el foro de instancia expresó que el hecho de que el señor Cappas Feliciano ocasionó daños a una estructura al conducir un camión, por sí solo, no es concluyente de que este no estaba capacitado para ejercer las funciones de su puesto. Máxime cuando la parte recurrida anejó, junto a su oposición, una declaración jurada de un empleado en la cual afirmó que dicho accidente fue ocasionado por su persona y no por el señor Cappas Feliciano. Asimismo, el tribunal de instancia determinó que el hecho de que el señor Cappas Feliciano tiene la pierna izquierda

---

[10] SUMAC TPI, a la Entrada Núm. 53, págs. 7-9.
[11] *Íd.*, pág. 9.

más corta que la derecha y que, por dicha razón cojea, no implica que este se encuentre incapacitado físicamente para realizar las funciones de puesto. A tenor, razonó que las antedichas controversias impiden emitir un dictamen sumario, por lo que ordenó la continuación de los procedimientos.

En desacuerdo, el 5 de febrero de 2026, PR Waste Management interpuso una petición de *certiorari* en la cual esbozó los siguientes señalamientos de error:

> PRIMER ERROR: ABUSÓ DE SU DISCRECIÓN EL TPI AL CONCLUIR QUE EL RECURRIDO CUMPLIÓ "EN ESENCIA" CON LOS REQUISITOS DE LA REGLA 36 DE PROCEDIMIENTO CIVIL Y, DE ESA FORMA, CONSIDERAR QUE EL RECURRIDO CREÓ CONTROVERSIA SOBRE LOS HECHOS MATERIALES PROPUESTOS POR LA PETICIONARIA EN SU MOCIÓN DE SENTENCIA SUMARIA.
>
> SEGUNDO ERROR: ERRÓ EL TPI AL DETERMINAR QUE EXISTÍAN CONTROVERSIAS DE HECHOS A BASE DE UNA EVALUACIÓN MANIFIESTAMENTE ERRÓNEA DE LA PRUEBA Y, POR TANTO, CONCLUIR QUE DICHOS HECHOS EN CONTROVERSIA IMPEDÍAN DESESTIMAR SUMARIAMENTE LOS RECLAMOS DE ALEGADO DISCRIMEN POR EDAD Y DESPIDO INJUSTIFICADO DEL RECURRIDO.

Mediante *Resolución* emitida el 6 de febrero de 2026, concedimos a la parte recurrida hasta el 17 de febrero de 2026, para expresarse en torno al recurso. Ahora bien, conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, esta tiene la facultad de "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho [. . .]".[12] En consideración a lo anterior, hemos decidido eximir a la parte recurrida de presentar escrito en oposición al recurso.

---

[12] *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

## II

### A. El Procedimiento Sumario bajo la Ley Núm. 2

La Ley de Procedimiento Sumario de Reclamaciones Laborales,[13] provee un mecanismo procesal para la rápida tramitación y adjudicación de las querellas de obreros y empleados presentadas contra sus patronos por servicios prestados, relacionadas a salarios, beneficios y derechos laborales.[14] El carácter sumario constituye la médula de la Ley Núm. 2.[15] Es por ello que, para cumplir con su propósito rector, de proveer al obrero o empleado un remedio rápido y eficaz,[16] la Sección 9 de la Ley Núm. 2 dispone que "[c]ualquiera de las partes que se considere perjudicada por la sentencia emitida por el Tribunal de Primera Instancia podrá interponer un recurso de apelación ante el Tribunal de Apelaciones, en el término jurisdiccional de diez (10) días, computados a partir de la notificación de la sentencia del Tribunal de Primera Instancia.[17] A esos efectos, nuestro Tribunal Supremo estableció que la revisión de resoluciones interlocutorias desvirtúa el carácter sumario del procedimiento.[18] Por consiguiente, la parte que pretenda impugnar una resolución interlocutoria deberá esperar hasta la sentencia final e instar contra ella el recurso pertinente, a base del alegado error cometido.[19]

No obstante, lo anterior, el Alto Foro reconoció que esta norma no sería absoluta y cedería en aquellos casos en los cuales la resolución sea dictada sin jurisdicción por el tribunal de instancia, o en aquellos casos extremos en los cuales los fines de la justicia

---

[13] Ley Núm. 2, *supra.*
[14] *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 265 (2018); *Patino Chirino v. Parador Villa Antonio,* 196 DPR 439, 446 (2016); *Vizcarrondo Morales v. MVM, Inc.,* 174 DPR 921, 928 (2008); *Lucero v. San Juan Star,* 159 DPR 494, 504 (2003).
[15] *Bacardí Corp. v. Torres Aguayo*, 202 DPR 1014, 1019 (2019).
[16] *Patiño Chirino v. Parador Villa Antonio*, 196 DPR 439, 446-447 (2016).
[17] Ley Núm. 2, *supra*, Sec. 9, 32 LPRA sec. 3127.
[18] *Dávila Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 496 (1999).
[19] *Íd.,* a la pág. 497.

requieran la intervención del foro apelativo.[20] A esos efectos, y a modo excepcional, los tribunales apelativos deben ejercer su facultad para revisar, mediante *certiorari*, aquellas resoluciones interlocutorias dictadas en un procedimiento sumario conforme a la Ley Núm. 2, en las siguientes circunstancias: (i) cuando el foro primario haya actuado sin jurisdicción; (ii) en situaciones en las que la revisión inmediata dispone del caso por completo, o (iii) cuando la revisión tenga el efecto de evitar una grave injusticia.[21]

### B. La Sentencia Sumaria

El mecanismo procesal de sentencia sumaria es un remedio discrecional extraordinario que, únicamente, se concederá cuando la evidencia que se presente con la moción establezca con claridad la existencia de un derecho.[22] El propósito de este mecanismo procesal es facilitar la solución justa, rápida y económica de los litigios civiles que no presenten controversias genuinas de hechos materiales, razón por la cual no ameritan la celebración de un juicio en su fondo.[23] A esos efectos, "solamente debe ser dictada una sentencia sumaria en casos claros, cuando el Tribunal tenga ante sí la verdad sobre todos los hechos pertinentes".[24] Es decir, para que proceda dictar sentencia por la vía sumaria, es imprescindible que de los documentos que acompañan la solicitud o que obran en el expediente del tribunal no surja controversia legítima sobre hechos materiales del caso, y que, por ende, sólo reste aplicar el derecho.[25] Ahora bien, a los fines de considerar la moción, se tendrán como ciertos todos los hechos no controvertidos que consten en los

---

[20] *Díaz Santiago v. PUCPR et al.*, 207 DPR 339, 349 (2021); *Dávila Rivera v. Antilles; Shipping, Inc.*, supra, a las págs. 497-498.

[21] *Díaz Santiago v. PUCPR et al.*, supra, a la pág. 349; *Medina Nazario v. McNeil Healthcare LLC.,* 194 DPR 723, 733 (2016); *Ortiz v. Holsum,* 190 DPR 511, 517 (2014); *Dávila Rivera v. Antilles Shipping, Inc.*, supra, a la pág. 498.

[22] *PFZ Props., Inc. v. Gen. Acc. Ins. Co.,* 136 DPR 881, 911 (1994).

[23] *García Rivera et al. v. Enríquez*, 153 DPR 323, 337 (2001); *Pilot Life Ins. Co. v. Crespo Martínez*, 136 DPR 624, 632 (1994).

[24] *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, supra, a las págs. 911-912, citando a *Corp. Presiding Bishop CJC of LDS v. Purcell*, 117 DPR 714, 721 (1986) (Cita depurada); *Cuadrado Lugo v. Santiago Rodríguez*, 126 DPR 272, 279 (1990).

[25] *Nissen Holland v. Genthaller*, 172 DPR 503, 511 (2007).

documentos y declaraciones juradas ofrecidas por la parte promovente.[26] No obstante, tales documentos deben evaluarse de la forma más favorable para la parte que se opone a la moción.[27]

La Regla 36 de Procedimiento Civil regula todo lo concerniente a las solicitudes de sentencia sumaria. En específico, la Regla 36.3 (a) de Procedimiento Civil requiere que la parte que promueve la solicitud de sentencia sumaria cumpla con los requisitos de forma siguientes:

(1) una exposición breve de las alegaciones de las partes;

(2) los asuntos litigiosos o en controversia;

(3) la causa de acción sobre la cual se solicita la sentencia sumaria;

(4) una relación concisa, organizada y con párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, indicando los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;

(5) las razones por las cuales se debe dictar sentencia argumentando el derecho aplicable, y

(6) el remedio que debe ser concedido.[28]

Cumplidos los requisitos establecidos para la solicitud de sentencia sumaria, el inciso (e) de la Regla 36.3 de Procedimiento Civil establece que:

La sentencia solicitada será dictada inmediatamente si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente y que, como cuestión de derecho, el tribunal debe dictar sentencia sumaria a favor de la parte promovente.[29]

No obstante, lo anterior, el solo hecho de no presentar evidencia que controvierta lo presentado por la parte promovente no

---

[26] *H.M.C.A. (P.R.), Inc., etc. v. Contralor,* 133 DPR 945, 957 (1993).

[27] *Íd.,* a la pág. 957.

[28] 32 LPRA Ap. V*,* R. 36.3.

[29] *Íd.,* R. 36.3 (e); *García Rivera et al. v. Enríquez,* supra, a la pág. 338; *Roldán Flores v. M. Cuebas,* 199 DPR 664, 676 (2018); *Lugo Montalvo v. Sol Meliá Vacation,* 194 DPR 209, 225 (2015).

implica necesariamente que proceda la sentencia sumaria.[30] Sobre este particular, el Tribunal Supremo ha resuelto que las partes no puede descansar en aseveraciones generales, es decir, meras afirmaciones no bastan.[31] A esos efectos, y a tenor con la Regla 36.5 de Procedimiento Civil,[32] las partes estarán obligadas a demostrar que tienen evidencia para sustanciar sus alegaciones.[33]

Por otra parte, es menester subrayar que nuestro Tribunal Supremo ha indicado que el mecanismo de sentencia sumaria no es el apropiado para resolver casos en los cuales hay elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor de credibilidad sea esencial.[34] De la misma manera, también ha razonado que "hay litigios y controversias que por la naturaleza de estos no hacen deseable o aconsejable el resolverlos mediante una sentencia sumariamente dictada, porque difícilmente en tales casos el Tribunal puede reunir ante sí toda la verdad de los hechos a través de "affidavits' o deposiciones".[35]

En cuanto al proceso de revisión de las sentencias sumarias, nuestro Alto Foro ha sido enfático en que el Tribunal de Apelaciones debe:

> (1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario;
>
> (2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36;
>
> (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer

---

[30] *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, supra, a la pág. 913; *García Rivera et al. v. Enríquez*, supra, a la pág. 338; *Consejo Tit. C. Parkside v. MGIC Fin. Corp.*, 128 DPR 538, 549 (1991); *Cuadrado Lugo v. Santiago Rodríguez*, 126 DPR 272, 281 (1990).

[31] *Flores v. Municipio de Caguas*, 114 DPR 521, 525 (1983); *Ramos Pérez v. Univisión*, 178 DPR 200, 215-216 (2010).

[32] 32 LPRA Ap. V, R. 36.5.

[33] *Flores v. Municipio de Caguas*, supra, a la pág. 525; *Ramos Pérez v. Univisión*, supra, a las págs. 215-216.

[34] *Elías y otros v. Chenet y otros*, 147 DPR 507, 521 (1999); *Soto v. Hotel Caribe Hilton*, 137 DPR 294, 301 (1994); *Velázquez Ortiz v. Mun. de Humacao*, 197 DPR 656, 663 (2017).

[35] *Elías y otros v. Chenet y otros*, supra, a la pág. 521, citando a *García López v. Méndez García*, 88 DPR 363, 380 (1963).

concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y

(4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.[36]

Ahora bien, la sentencia sumaria no procederá en las instancias que: (i) existan hechos materiales y esenciales controvertidos; (ii) haya alegaciones afirmativas en la demanda que no han sido refutadas; (iii) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial, o (iv) como cuestión de derecho, no proceda.[37] Además, al revisar la determinación del foro primario, respecto a una sentencia sumaria, estamos limitados de dos (2) maneras. *Primero*, solo podemos considerar los documentos que se presentaron ante el foro de primera instancia. Es decir, "las partes no pueden añadir en apelación exhibits, deposiciones o affidávits que no fueron presentados oportunamente en el foro de primera instancia, ni pueden, por primera vez ante el foro apelativo, esbozar teorías nuevas o esgrimir asuntos nuevos".[38] *Segundo*, solo podemos determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta.[39] Entiéndase, que al foro apelativo le es vedado adjudicar los hechos materiales esenciales en disputa, ya que dicha tarea le corresponde al foro de primera instancia.[40]

## III

En el presente recurso, mediante sus dos (2) señalamientos de error, la parte peticionaria expone que el tribunal de instancia abusó de su discreción al concluir que el recurrido cumplió en

---

[36] *Roldán Flores v. M. Cuebas, et al., supra,* 679. (Cita depurada); *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 118-119 (2015).

[37] *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310, 335-336 (2021).

[38] *Meléndez González et al. v. M. Cuebas, supra,* a la pág. 114. (Cita depurada).

[39] *Íd.*, a la pág. 115.

[40] *Vera v. Dr. Bravo*, 161 DPR 308, 335 (2004).

esencia con los requerimientos de la Regla 36 de Procedimiento Civil,[41] así como al determinar que aún existían controversias de hechos que impedían desestimar sumariamente los reclamos de discrimen por edad y despido injustificado.

Según expusimos en nuestra previa exposición doctrinal, la revisión de resoluciones interlocutorias desvirtúa el carácter sumario de los procedimientos judiciales tramitados bajo la Ley Núm. 2.[42] Así, pues, en estos casos, la parte que se encuentre inconforme con una resolución interlocutoria deberá esperar hasta la sentencia final para presentar contra ella el recurso pertinente.[43] Ahora bien, se ha reconocido que esta norma no es absoluta, [44] por lo que, a manera de excepción, esta Curia tiene facultad para revisar mediante *certiorari,* aquellas resoluciones interlocutorias en las cuales estén presentes las siguientes circunstancias: (i) cuando el foro primario haya actuado sin jurisdicción; (ii) en situaciones en las que la revisión inmediata dispone del caso por completo, o (iii) cuando la revisión tenga el efecto de evitar una grave injusticia.[45]

La parte peticionaria insiste, en su recurso, que el caso de marras es uno en el cual se encuentran presentes las circunstancias que permiten, a modo de excepción, revisar una resolución interlocutoria en un procedimiento sumario bajo la Ley Núm. 2. Específicamente, puesto a que, en este caso, no existían controversias reales de hechos, por lo que el foro primario debió emitir sentencia sumaria y concluir el pleito de modo definitivo. Asimismo, plantea que la determinación del referido foro representó un grave fracaso a la justicia, puesto a que abiertamente ignoró los

---

[41] 32 LPRA Ap. V, R. 36.

[42] *Dávila Rivera v. Antilles Shipping, Inc.*, supra, a la pág. 496.

[43] *Íd.,* supra, a la pág. 497.

[44] *Díaz Santiago v. PUCPR et al.*, supra, a la pág. 349; *Dávila Rivera v. Antilles; Shipping, Inc.*, supra, a las págs. 497-498.

[45] *Díaz Santiago v. PUCPR et al.*, supra, a la pág. 349; *Medina Nazario v. McNeil Healthcare LLC.,* supra, a la pág. 733; *Ortiz v. Holsum,* supra, a la pág. 517; *Dávila Rivera v. Antilles Shipping, Inc.,* supra, a la pág. 498.

elementos que deben tomarse en consideración para resolver una mocion de sentencia sumaria.  No estamos de acuerdo.

Tras evaluar minuciosamente la posición de las partes, y luego de una revisión *de novo* de la totalidad del expediente ante nos, según nos requiere el ordenamiento jurídico vigente cuando se presenta ante nuestra consideración la procedencia de una solicitud de sentencia sumaria, juzgamos que no se configuran ninguna de las instancias que justificaría la expedición del auto de *certiorari* en un caso tramitado bajo el procedimiento sumario establecido por la Ley Núm. 2.

Es nuestra apreciación que los señalamientos de error y los fundamentos aducidos en la petición presentada no logran activar nuestra función discrecional en el caso de autos. Por tanto, entendemos que esta no es la etapa del procedimiento más propicia para nuestra consideración. Además, razonamos que la parte peticionaria no nos ha persuadido de que, al aplicar la norma de abstención apelativa en este momento, conforme al asunto planteado, constituirá un rotundo fracaso de la justicia. Así, pues, no atisbamos razón para intervenir con la determinación recurrida.

Es norma bien establecida que el Tribunal de Apelaciones puede desestimar o denegar un auto discrecional cuando carece de jurisdicción.[46] A nuestro juicio, al no cumplirse ninguna de las excepciones que permiten atender una cuestión interlocutoria en un procedimiento sumario bajo la Ley Núm. 2, carecemos de jurisdicción para atenderlo. Siendo así, optamos por denegar la expedición de este recurso.

---

[46] Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 110, 215 DPR __ (2025).

IV

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *Certiorari*. En consecuencia, devolvemos el caso para la continuación de los procedimientos.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones